UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| LANDON PILKEY | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No.: 3:24-CV-419-TAV-JEM |
| 21ST MORTGAGE CORPORATION | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This civil matter is before the Court on defendant's Motion to Dismiss [Doc. 14] and plaintiff's Motion for Summary Judgment [Doc. 25]. Plaintiff did not respond to defendant's motion within the time provided. *See* E.D. Tenn. L.R. 7.1(a). Defendant responded to plaintiff's motion [Doc. 26]. Accordingly, these matters are ripe for review. *See* E.D. Tenn. L.R. 7.1(a). For the reasons discussed below, defendant's Motion to Dismiss [Doc. 14] will be **GRANTED** and plaintiff's Motion for Summary Judgment [Doc. 25] will be **DENIED as moot**. This case will be **DISMISSED**.

### I. Background

This dispute arises from alleged mail correspondence between the parties regarding an outstanding debt balance [*See generally* Doc. 1]. United States Magistrate Judge Ronald C. Griffin transferred this action from the United States District Court for the Western District of Texas to this Court on October 21, 2024 [W.D. Tex. Case No. 7:24-CV-219, Doc. 5]. Respectfully, plaintiff's allegations are difficult to follow, but the Court surmises that plaintiff received a letter from defendant in 2023 indicating that he owed $106,062

[Doc. 1 ¶¶ 9, 10]. He appears to allege that defendant sent this letter without verifying the nature or amount of his debt obligation [*Id.* ¶¶ 31, 33]. Elsewhere in the complaint, he seems to suggest that he has previously submitted payment to defendant of an unspecified amount [*See id.* ¶ 45]. However, in the final numbered paragraph of his complaint, plaintiff states "[h]ome has been repossessed and Plaintiff requests the 106,063 paid to the Plaintiff" [*Id.* ¶ 133].

Plaintiff brings claims for violation of the Fair Debt Collection Practices Act ("FDCPA") (Count I), negligence (Count II), fraud in the concealment (Count III), fraud in the inducement (Count IV), slander of title (Count V), declaratory relief (Count VI), and rescission (Count VII) [*Id.* ¶¶ 45–116]. He seeks entry of an order "declaring the foreclosure prosecuted by Defendant, void and of no force and effect," quiet title, $100,000.00 in unspecified damages, and attorney's fees and costs [*Id.* ¶¶ 118–32].

## II. Standard of Review

Defendant brings its motion to dismiss, in relevant part, under Federal Rule of Civil Procedure 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Although this standard does not require 'detailed factual allegations,' it does require more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "merely consistent with" liability, "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Finally, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

In reviewing a motion to dismiss under Rule 12(b)(6), the Court "must construe the complaint in a light most favorable to plaintiffs, accept all well-pled factual allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them to relief." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). However, the Court need not accept legal conclusions or unwarranted factual inferences as true. *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

### III. Analysis

Defendant moves to dismiss plaintiff's complaint on grounds that it consists of "vague assertions of law, demands for proof as to unspecified transactions or documents,

and disjointed references to general topics" [Doc. 15, p. 2]. In support, it cites *Rubenstein v. Univ. of Tenn.*, No. 1:16-CV-475, 2017 WL 11831788, at *2 (E.D. Tenn. Oct. 25, 2017) (Mattice, J.), wherein this Court dismissed a *pro se* plaintiff's "sprawling complaint" that "made no apparent attempt to connect factual allegations to his empty recital of claim elements" [Doc. 15, pp. 1–2]. In brief, defendant argues that plaintiff's complaint fails to comply with the applicable pleading standard [*Id*. at 2–3].

Taking his counts in turn, plaintiff's FDCPA claim (Count I) must be evaluated under the least sophisticated consumer standard. *See Cagayat v. United Collection Bureau, Inc.*, 952 F.3d 749, 756 (6th Cir. 2020) (reversing district court's dismissal of FDCPA claims on a Rule 12(b)(6) motion to dismiss). "Courts use the 'least sophisticated consumer' standard, an objective test, when assessing whether particular conduct violates the FDCPA." *Id*. (citing *Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008)) (quoting *Harvey v. Great Seneca Fin. Corp*., 453 F.3d 324, 329 (6th Cir. 2006)); *see also White v. Sherman Fin. Grp., LLC*, 984 F. Supp. 2d 841 (E.D. Tenn. 2013) (Varlan, J.). As this Court has explained before, "Congress enacted the FDCPA in order 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *White*, 984 F. Supp. 2d at 845 (quoting 15 U.S.C. § 1692(e)). However, the United States Court of Appeals for the Sixth Circuit has clarified that the least-sophisticated-consumer standard "preserv[es] a quotient of reasonableness and

4

Case 3:24-cv-00419-TAV-JEM   Document 27   Filed 05/21/25   Page 4 of 6   PageID #: 96

presum[es] a basic level of understanding and willingness to read with care." *Weiner*, 539 F.3d 327, 335 (6th Cir. 2008) (quoting *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438–39 (6th Cir. 2008)).

In connection with Count I, plaintiff references a "dunning letter dated close to 06/15/2023" that "asked for a large sum of money" [Doc. 1 ¶ 47]. Apart from this factual allegation, which does not clearly reference a particular piece of correspondence, the remainder of this count's allegations contain "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570), which "do not suffice." *Id*. Even under the least sophisticated consumer test, plaintiff has failed to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 8(a)(2). Unlike the complaint at issue in *Cagayat*, which the Sixth Circuit determined should survive dismissal under this test, plaintiff has not attached, quoted, or otherwise identified any letters that lead the Court to believe that "discovery will reveal that the contested language is clearly visible." 952 F.3d at 749.

His failure to specifically identify or attach any particular correspondence similar undermines his slander of title, declaratory relief, and rescission counts (Counts V–VII) wherein "documents," "the subject property," and "the loan" are all mentioned in a vague and general manner [*See* Doc. 1 ¶¶ 88–112].

Plaintiff's negligence count (Count II) does not appear to cite or otherwise discuss the elements of a negligence cause of action [*See id*. ¶¶ 57–64], apart from a final allusion to "common law fraud and/or negligence or fraud and/or negligence per se" [*Id*. ¶ 64].

5

Similar issues arise in connection to his fraud counts (Counts III–IV), wherein he raises allegations concerning "the proposed risky loan," "the Deed of Trust," and "investors on Wall Street and other New York investment banks," without connecting these far-reaching allegations to an actionable basis for relief [*See id.* ¶¶ 65–86].

In sum, upon close review of plaintiff's complaint, the Court finds that he has failed to satisfy the pleading standard. *See* Fed. R. Civ. P. 8(a)(2). "The pleading rules are not an arbitrary barrier to substantive relief," instead, "[t]hey are intended to give adverse parties fair notice of asserted claims and their factual basis." *Rubenstein*, 2017 WL 11831788, at *2 (citing *Twombly*, 550 U.S. at 544). Because plaintiff has failed to provide defendant with fair notice of his claims and their factual basis pursuant to the pleading standard set forth in Federal Rule of Civil Procedure 8, defendant's Motion to Dismiss [Doc. 14] is hereby **GRANTED**. *See* Fed. R. Civ. P. 12(b)(6).

### IV. Conclusion

For the reasons explained above, defendant's Motion to Dismiss [Doc. 14] is **GRANTED** and this case will be **DISMISSED**. Therefore, plaintiff's Motion for Summary Judgment [Doc. 25] is hereby **DENIED as moot**. An appropriate order shall enter.

IT IS SO ORDERED.

                                        s/ Thomas A. Varlan
                                        UNITED STATES DISTRICT JUDGE